UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD LEE,  Case No. 19-10337

    Plaintiff, Stephanie Dawkins Davis
v.  United States District Judge

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

**OPINION AND ORDER
<u>CROSS-MOTIONS FOR SUMMARY JUDGMENT (ECF Nos. 11, 12)</u>**

**I.    PROCEDURAL HISTORY**

    A.    <u>Proceedings in this Court</u>

On February 4, 2019, plaintiff Edward Lee filed the instant suit seeking judicial review of the Commissioner's unfavorable decision disallowing benefits. (ECF No. 1). This matter is before the Court on cross-motions for summary judgment. (ECF Nos. 11, 12).

    B.    <u>Administrative Proceedings</u>

Lee filed an application for a period of disability and disability insurance benefits on February 6, 2018, alleging disability beginning January 17, 2018. (Tr.

1

29).[1]  The claim was initially disapproved by the Commissioner on March 30, 2018.  (Tr. 29).  Lee requested a hearing, and on June 6, 2018, he appeared with counsel before Administrative Law Judge ("ALJ") Virginia Herring, who considered the case de novo.  (Tr. 41-69).  In a decision dated July 11, 2018, the ALJ found that Lee was not disabled.  (Tr. 26-36).  Lee requested a review of this decision, and the ALJ's decision became the final decision of the Commissioner when the Appeals Council, on December 4, 2018, denied his request for review. (Tr. 1-9); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004).

## II.  FACTUAL BACKGROUND

Lee, born in 1965, was 52 years old on the alleged disability onset date and at the time of the hearing.  (Tr. 45).  Lee has a high school diploma and lives alone. (Tr. 45).  He has past relevant work as an auto assembly line worker, janitor, and housekeeper.  (Tr. 35).  Lee stopped working on January 17, 2018, because of depression, chronic lower back pain, high blood pressure, polycystic kidney disease, tinnitus, anxiety, insomnia, a brain hemorrhage, clostridium difficile, and a burst blood vessel in his brain.  (Tr. 191).

The ALJ applied the five-step disability analysis and found at step one that Lee had not engaged in substantial gainful activity since the alleged onset date of

---

[1] The Administrative Record appears on the docket at entry number 9.  All references to the same are identified as "Tr."

January 17, 2018. (Tr. 31). At step two, the ALJ found that Lee's bilateral foraminal stenosis at L5-S1 and right side more than left at L4-L5, polycystic kidney disease, depression, and anxiety were "severe" impairments within the meaning of the second sequential step. (Tr. 31). However, at step three, the ALJ found no evidence that Lee's impairments singly or in combination met or medically equaled one of the listings in the regulations. (Tr. 31-33).

Thereafter, the ALJ assessed Lee's residual functional capacity ("RFC") as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant can occasionally climb stairs or ramps. He may never climb ladders, ropes or scaffolds. The claimant may occasionally balance, stoop, kneel, crouch or crawl. He must avoid work hazards including dangerous machinery and unprotected heights. The claimant is limited to performing simple and routine tasks with no more than occasional contact with the public, coworkers and supervisors.

(Tr. 33). At step four, the ALJ found that Lee was able to perform his past relevant work as an auto assembly line worker, janitor, and housekeeper. (Tr. 35). Accordingly, the ALJ determined that Lee had not been under a disability from the alleged onset date through the date of the decision. (Tr. 35).

### III. DISCUSSION

    A. <u>Standard of Review</u>

In enacting the social security system, Congress created a two-tiered system in which the administrative agency handles claims, and the judiciary merely reviews the agency determination for exceeding statutory authority or for being arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S. 521 (1990). The administrative process itself is multifaceted in that a state agency makes an initial determination that can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council. *Bowen v. Yuckert*, 482 U.S. 137 (1987). If relief is not found during this administrative review process, the claimant may file an action in federal district court. *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir. 1986).

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383,

387 (6th Cir. 1984). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003) (An "ALJ is not required to accept a claimant's subjective complaints and may ... consider the credibility of a claimant when making a determination of disability."); *Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence."). "However, the ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility.'" *Rogers*, 486 F.3d at 247 (quoting Soc. Sec. Rul. 96-7p, 1996 WL 374186, at *4).

If supported by substantial evidence, the Commissioner's findings of fact are conclusive. 42 U.S.C. § 405(g). Therefore, this Court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen*, 800 F.2d at 545. Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers*, 486 F.3d at 241; *Jones*, 336 F.3d at 475. "The substantial evidence standard presupposes that there is a 'zone of

choice' within which the [Commissioner] may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (internal quotation marks omitted) (quoting *Mullen*, 800 F.2d at 545).

The scope of this Court's review is limited to an examination of the record only. *Bass*, 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). "Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). There is no requirement, however, that either the ALJ or the reviewing court discuss every piece of evidence in the administrative record. *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (internal citation marks omitted); *see also Van Der Maas v. Comm'r of Soc. Sec.*, 198 F. App'x 521, 526 (6th Cir. 2006).

B. Governing Law

The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994); *accord*, *Bartyzel v. Comm'r of Soc. Sec.*, 74 F. App'x 515, 524 (6th Cir. 2003). There are several benefits programs under the Act, including the Disability Insurance Benefits Program ("DIB") of Title II (42 U.S.C. §§ 401 *et seq*.) and the Supplemental Security Income Program ("SSI") of Title XVI (42 U.S.C. §§ 1381 *et seq*.). Title II benefits are available to qualifying wage earners who become disabled prior to the expiration of their insured status; Title XVI benefits are available to poverty stricken adults and children who become disabled. F. Bloch, Federal Disability Law and Practice § 1.1 (1984). While the two programs have different eligibility requirements, "DIB and SSI are available only for those who have a 'disability.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). "Disability" means:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see also* 20 C.F.R. § 416.905(a).

The Commissioner's regulations provide that disability is to be determined through the application of a five-step sequential analysis set forth at 20 C.F.R.

§§ 404.1520, 416.920. Essentially, the ALJ must determine whether: (1) the claimant is engaged in significant gainful activity; (2) the claimant has any severe impairment(s); (3) the claimant's impairments alone or in combination meet or equal a Listing; (4) the claimant is able to perform past relevant work; and (5) if unable to perform past relevant work, whether there is work in the national economy that the claimant can perform. *Id.* "If the Commissioner makes a dispositive finding at any point in the five-step process, the review terminates." *Colvin*, 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work." *Jones*, 336 F.3d at 474, cited with approval in *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 540 (6th Cir. 2007). If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Commissioner. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006). At the fifth step, the Commissioner is required to show that "other jobs in significant numbers exist in the national economy that [the claimant] could perform given [his] RFC and considering relevant vocational factors." *Rogers*, 486 F.3d at 241; 20 C.F.R. §§ 404.1520(a)(4)(v) and (g), 416.920(a)(4)(v) and (g).

If the Commissioner's decision is supported by substantial evidence, the decision must be affirmed even if the court would have decided the matter differently and even where substantial evidence supports the opposite conclusion. *McClanahan*, 474 F.3d at 833; *Mullen*, 800 F.2d at 545. In other words, where substantial evidence supports the ALJ's decision, it must be upheld.

C. Analysis and Conclusions

Lee contends that the ALJ committed reversible legal error because she failed to mention or evaluate Lee's post-traumatic stress disorder ("PTSD") at steps two, three, and four of the sequential evaluation process. (ECF No. 11.) The Commissioner counters that the ALJ's decision should be affirmed because Lee has failed to demonstrate how the ALJ's express consideration of his PTSD would have affected the outcome of this case at any step of the sequential evaluation process and because the ALJ's assessment of Lee's mental impairments is supported by substantial evidence. (ECF No. 12.)[2]

1. Step Two

Lee first argues that the ALJ's decision is not supported by substantial evidence because she failed to consider whether Lee's PTSD was a medically

---

[2] While not fatal to Lee's appeal, the Court notes that Lee did not list PTSD in his application for disability benefits as one of the medical conditions that limits his ability to work. (Tr. 191). And when the ALJ asked Lee at the hearing why he stopped working, he did not testify that PTSD was one of the reasons. (Tr. 47-49).

9

determinable impairment or a severe impairment at step two of the sequential evaluation process. (ECF No. 11, PageID.1227, 1237-1241.) In response, the Commissioner argues that even if the ALJ should have deemed Lee's PTSD a severe impairment, any error at step two is harmless because Lee cannot show how the ALJ's omission affects the outcome of this case given the ALJ's analysis of Lee's other mental impairments throughout the sequential evaluation process. (ECF No. 12, PageID.1254-1255.)

At step two of the sequential evaluation process, the ALJ must consider whether a claimant's impairment is a medically determinable impairment. *See* 20 C.F.R. § 404.1520. A medically determinable impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities, which can be shown by medically acceptable clinical and laboratory diagnostic techniques." *Jones v. Comm'r of Soc. Sec.*, No. 3:15-cv-00428, 2017 WL 540923, at *6 (S.D. Ohio Feb. 10, 2017), *report and recommendation adopted sub nom. Jones v. Berryhill*, No. 3:15-cv-428, 2017 WL 1196179 (S.D. Ohio Mar. 31, 2017) (citing 20 C.F.R. §§ 404.1505, 404.1508, 404.1520(a)(4)(ii), and 404.1527(a)(1)). "Therefore, a physical or mental impairment must be established by objective medical evidence from an acceptable medical source. We will not use your statement of symptoms, a diagnosis, or a medical opinion to establish the existence of an impairment(s)." 20 C.F.R. § 404.1521; *see also Tolbert v. Comm'r of Soc.*

*Sec.*, No. 11-12059, 2012 WL 4176876, at *4 (E.D. Mich. Aug. 27, 2012), *report and recommendation adopted*, No. 11-12059, 2012 WL 4165649 (E.D. Mich. Sept. 18, 2012) (citing Social Security Ruling 96-4p, 1996 WL 374187 at *1) ("[A] diagnosis establishes medically determinable impairment only where it is supported by objective medical evidence.").

The ALJ must also consider whether a claimant's medically determinable impairment is a severe impairment, and whether the impairment(s) meet the twelve-month durational requirement in 20 C.F.R. § 404.1509. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *see also Simpson v. Comm'r of Soc. Sec.*, 344 F. App'x 181, 188 (6th Cir. 2009). To be classified as severe, an impairment or combination of impairments must significantly limit the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). Basic work activities, defined in the regulations as "the abilities and aptitudes necessary to do most jobs," include: (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in routine work settings. 20 C.F.R. §§ 404.1522, 416.922. An ALJ's failure to find an impairment severe is not reversible error if the ALJ

found another impairment severe, and thus continued with the five-step evaluation process. *See e.g.*, *Fisk v. Astrue*, 253 F. App'x 580, 584 (6th Cir. 2007); *Anthony v. Astrue*, 266 F. App'x 451, 457 (6th Cir. 2008).

To support his step-two argument, Lee cites his medical records from the Department of Veterans Affairs Medical Center in Detroit ("VA"), which do indeed reflect that Lee was diagnosed with and received medical treatment for PTSD since before the alleged onset of disability. (ECF No. 11, PageID.1232-1235 (citing Tr. 402, 409, 410, 412, 417, 429, 435, 441-42, 445, 448-450, 455, 460, 462, 477, 483, 490, 495-96, 499, 610, 1026, 1132, 1137)). Lee also cites *Harris v. Astrue*, No. 1:09-cv-466, 2010 WL 2927426 (S.D. Ohio June 8, 2010). In *Harris,* the claimant had been diagnosed with "myopathy due to mitochondrial disease," but the ALJ failed to address whether the claimant suffered from a medically determinable and/or severe impairment of myopathy or mitochondrial disease in the decision. *Id.* at *7. The *Harris* court consequently held that the ALJ's decision was not supported by substantial evidence. *Id.* Lee argues that like the ALJ's decision in *Harris*, the ALJ's decision in this case is not supported by substantial evidence because the ALJ did not address his PTSD at step two despite the record evidence of diagnosis and treatment.

*Harris* is distinguishable from the instant matter. In *Harris*, the ALJ determined that the claimant was not disabled at step two of the sequential

evaluation process because she had no severe impairments. 2010 WL 2927426, at *7. That is why the ALJ's failure to consider whether the claimant's myopathy or mitochondrial disease were severe impairments constituted reversible error. Here, the ALJ found some of Lee's impairments to be severe and continued with the five-step evaluation process. Accordingly, under *Fisk* and *Anthony*, *supra*, if any reversible error exists as a result of the ALJ's failure to explicitly mention or consider Lee's PTSD, it did not occur at step two.

      2.     Step Three

Lee also contends that the ALJ erred by failing to consider whether Lee's PTSD met or medically equaled Listing 12.15 (Trauma- and Stressor-Related Disorders) at step three of the sequential evaluation process. (ECF No. 11, PageID.1241-1243.) The Commissioner concedes that the ALJ did not expressly address Listing 12.15 but argues that any error committed by the ALJ in this regard is harmless because the ALJ evaluated Plaintiff's mental impairments under Listing 12.04 (Depressive, Bipolar, and Related Disorders), which contains "paragraph B" and "paragraph C" criteria identical to that required by Listing 12.15. (ECF No. 12, PageID.1255-1256 (citing *Pasco v. Comm'r of Soc. Sec.*, 137 F. App'x 828, 844 n.18 (6th Cir. 2005) ("We note that the criteria listed in 12.02B are exactly the same criteria listed in 12.04B. . . . Therefore, if the ALJ's findings

under 12.04B are supported by substantial evidence, [plaintiff] would also not meet an Appendix 1 impairment under the criteria of 12.02B.")).

To meet Listings 12.04 and 12.15, a claimant must demonstrate either:

> B. Extreme limitation of one, or marked limitation of two, of the following areas of mental functioning:
>
> 1. Understand, remember, or apply information.
>
> 2. Interact with others.
>
> 3. Concentrate, persist, or maintain pace.
>
> 4. Adapt or manage oneself.
>
> OR
>
> C. Your mental disorder in this listing category is "serious and persistent;" that is, you have a medically documented history of the existence of the disorder over a period of at least 2 years, and there is evidence of both:
>
> 1. Medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s) that is ongoing and that diminishes the symptoms and signs of your mental disorder; and
>
> 2. Marginal adjustment, that is, you have minimal capacity to adapt to changes in your environment or to demands that are not already part of your daily life.

20 CFR Part 404, Subpart P, Appendix 1.

Here, the ALJ determined that Lee's mental impairments did not meet the "paragraph B" criteria because he had only mild limitations in his ability to understand, remember, or apply information and adapt and manage oneself, and

only moderate limitations in his ability to interact with others, concentrate, persist, or maintain pace. (Tr. 32). The ALJ also concluded that the evidence of record failed to establish the presence of the "paragraph C" criteria. (Tr. 33). Lee does not substantively challenge the ALJ's evaluation of his mental condition under the paragraph B or C criteria or make any argument for why the ALJ's evaluation of the paragraph B and C criteria under Listing 12.04 would not apply equally to the identical criteria under Listing 12.15. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived."). Accordingly, under *Pasco*, the ALJ's failure to consider Listing 12.15 at step three of the sequential evaluation process was a harmless error. *See also Olson v. Comm'r of Soc. Sec.*, No. 17-cv-13441, 2018 WL 8244843, at *4-5 (E.D. Mich. Aug. 22, 2018), *report and recommendation adopted*, No. 17-cv-13441, 2019 WL 1375512 (E.D. Mich. Mar. 27, 2019) (failure to consider Listing 12.15 harmless error where claimant did not meet paragraph B or C criteria as evaluated under Listings 12.04 and 12.06).

       3.      The ALJ's RFC Assessment

Finally, Lee contends that the ALJ committed reversible error by failing to consider PTSD in her assessment of Lee's RFC. He argues that the ALJ's failure in this regard leaves "the Court and the Claimant to speculate as to what

15

limitations, if any, may have been added to the [RFC], had the PTSD been taken into account." (ECF No. 11, PageID.1243-1244). Lee continues that "[t]his is not for the Court nor the Claimant to do, it is for the ALJ to support his or her evaluation with substantial evidence." (ECF No. 11, PageID.1244).

Lee misstates the standard. While it is true that the ALJ's decision must be supported by substantial evidence, it is Lee who "bears the burden of proving the existence and severity of limitations caused by h[is] impairments" through step four of the sequential evaluation process. *Jones*, 336 F.3d at 474. Accordingly, it is Lee's burden to prove that he has a more restrictive RFC than that assessed by the ALJ. *See Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008) (citing *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 392 (6th Cir. 1999)).

Lee, however, does not indicate through citations to the record evidence or through factual or legal analysis what functional limitations caused by his PTSD are not already accounted for in the RFC. (*See* ECF No. 11, PageID.1243-1244). Significantly, there is no medical opinion in the record assessing any functional limitations caused by Lee's PTSD, so the ALJ's failure to explicitly assess any limitations to account for this diagnosis is not unreasonable.[3] *Richard v. Astrue*,

---

[3] Lee does point to a record from his February 28, 2018 psychotherapy appointment at the VA, at which Lee reported that he had started seeing a non-VA psychologist who placed him on medical leave from work. (ECF No. 11, PageID.1235 (citing Tr. 1137)). However, Lee did not produce any records or an opinion from the non-VA psychologist in support of his claim for disability.

No. 5:10-CV-02190, 2011 WL 4688788, at *5 (N.D. Ohio Oct. 4, 2011). *See also Kocher v. Comm'r of Soc. Sec.*, No. 2:14-cv-2263, 2015 WL 7307998, at *5 (S.D. Ohio Nov. 20, 2015), *report and recommendation adopted*, 2015 WL 9489750 (S.D. Ohio Dec. 30, 2015) (quoting *Burch v. Barnhart*, 400 F.3d 676, 684 (9th Cir. 2005)) ("[W]hen 'there is no evidence in the record, of any functional limitations as a result of [an impairment] that the ALJ failed to consider,' a remand for further resolution of this issue is unnecessary."); *Hill v. Comm'r of Soc. Sec.*, 560 F. App'x 547, 551 (6th Cir. 2014) ("[D]isability is determined by the functional limitations imposed by a condition, not the mere diagnosis of it."); *Townsend v. Astrue*, No. 6:12-CV-00261-SI, 2013 WL 687042, at *5 (D. Or. Feb. 25, 2013) (failure to discuss a diagnosis is error, but harmless where record does not reveal any limitations due to the diagnosed condition). Accordingly, Lee has failed to meet his burden of proving that his PTSD requires a more restrictive mental RFC than that assessed by the ALJ.

4. Substantial Evidence

The Commissioner asserts that the ALJ's decision finds direct support in the opinion of the state-agency psychologist, Dr. James Tripp. (ECF No. 12, PageID.1251-1254, 1255, 1259 (citing *Johnson v. Comm'r of Soc. Sec.*, No. 11-14644, 2013 WL 812081, at *6 (E.D. Mich. Feb. 12, 2013), *report and recommendation adopted*, 2013 WL 811788 (Mar. 5, 2013) (where there is no

17

treating or examining source indicating that a claimant is disabled or identifying functional limitations, an ALJ is entitled to rely on the findings of the state agency consultant)). Dr. Tripp reviewed Lee's medical record and explicitly considered Lee's diagnosis of PTSD and the treatment records related thereto. Despite this consideration, Dr. Tripp did not list PTSD as one of Lee's medically determinable impairments. Dr. Tripp also expressly evaluated Lee's mental condition under Listing 12.15 and determined that he did not satisfy the criteria. Specifically, with regard to the "paragraph B" criteria, Dr. Tripp found that Lee had a moderate limitation in his ability to concentrate, persist, or maintain pace, and only mild limitations in the other three categories. Dr. Tripp then concluded that Lee had the mental RFC to perform "simple work with sustainability and persistence" and "have occasional contact with coworkers, supervisors, and the public." (Tr. 74-85). The ALJ assessed Dr. Tripp's opinion, accorded it significant weight, and crafted a mental RFC for Lee that is virtually identical to the one assessed by Dr. Tripp. (Tr. 33, 34). Notably, Lee does not assert any error regarding the ALJ's assessment of Dr. Tripp's opinion, so any such claim is waived. The ALJ's decision is therefore supported by substantial evidence.

## IV. CONCLUSION

For the reasons set forth above, the Court **DENIES** plaintiff's motion for summary judgment, **GRANTS** defendant's motion for summary judgment, and **AFFIRMS** the findings of the Commissioner.

**IT IS SO ORDERED**.

Date: March 9, 2020
s/Stephanie Dawkins Davis
Stephanie Dawkins Davis
United States District Judge

**CERTIFICATE OF SERVICE**

I certify that on March 9, 2020, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record.

s/Tammy Hallwood
Case Manager
(810) 341-7887
tammy_hallwood@mied.uscourts.gov